```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

KELLY BROWN and DAVID GILLARD,
individually and on behalf of
all others similarly situated,

       Plaintiffs,
v.                                  Case No.  8:14-cv-1922-T-33EAJ

DISCRETE WIRELESS, INC.,
ET AL.,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion and Stipulation for Conditional Certification (Doc. # 70), which was filed on November 18, 2014. For the reasons that follow, the Motion is granted.

**I.  Background**

Plaintiffs initiated this action against Defendants on August 11, 2014. (Doc. # 1). In their Complaint, Plaintiffs allege violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Plaintiffs contend that "Defendants [] improperly and willfully classified this class of employees as exempt employees without a good faith basis." (Id. At 5). On October 28, 2014, the parties participated in mediation whereupon a "partial resolution" occurred. Thereafter on November 18, 2014, the parties filed their Joint Motion to

Certify Class and Stipulation for Conditional Class Certification for this Court's review. (Doc. # 70). Pursuant to the Joint Motion and Stipulation by the parties, this case is conditionally certified as a collective action under 29 U.S.C. § 216(b). The conditionally certified class shall be defined as any individual who worked for Defendants Discrete Wireless, Inc. and/or FleetCor Technologies Operating Company, LLC, in its Tampa, Florida, or Atlanta, Georgia, offices, in the positions of SaaS Account Executive, Account Manager, or Business Development Representative, at any time from October 28, 2011, to October 28, 2014.

## II. Legal Standard

The Fair Labor Standards Act expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime provisions. See 29 U.S.C. § 216(b) ("[a]n action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."). In prospective collective actions brought pursuant to Section 216(b), potential Plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in

2

the court in which such action is brought.").

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1242 (11th Cir. 2003)(citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision - usually based on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members." Id. at 1243.

The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008); Dybach v. State of Fla. Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. Under a traditional analysis, Brown bears the burden of showing a reasonable basis for the contention that there are other similarly situated employees who desire to join in the litigation. Dybach, 942 F.2d at 1567-68.

III. **Conditional Certification Analysis**

    A.    **Other Individuals Seek to Join the Suit**

The record reflects that fourteen other individuals (Justin Dunne, David Gillard, Matthew Needham, John Norman, Jose Mauricio Velasuez, Nestor Perez, Bryan St. Laurent, William A. Burke, III, Romas Mills Jr., Cristina Salsone, Sandra Elaine Siddell, Adam Lightfield, Paul Rogers, and Leonard Madden) have filed consent documents reflecting their desire to join in the action. (Doc. ## 4-7, 12-13, 16-18, 21-23, 25, 27).

Although there is no magic number requirement for the notice stage, the presence of fourteen opt-in Plaintiffs, each having filed a declaration describing their working conditions and their desire to join in this suit, satisfies the Court that others desire to join in the action. See, e.g., Robbins-Pagel v. WM. F. Puckett, Inc., No. 6:05-cv-1582-Orl-31DAB, 2006 U.S. Dist. LEXIS 85253 (M.D. Fla. Nov. 22, 2006)(finding that three affidavits alleging claims of unpaid overtime was sufficient to establish that other individuals were interested in joining the action); Dieujuste v. R.J. Elec., Inc., No. 7-80272, 2007 U.S. Dist. LEXIS 100531 (S.D. Fla. Aug. 21, 2007)(granting conditional certification when two individuals sought overtime wages against the same employer and each filed

a declaration); Pendlebury v. Starbucks Coffee, Co., No. 04-cv-80521, 2005 U.S. Dist. LEXIS 574 (S.D. Fla. Jan. 3, 2005)(granting conditional certification upon consideration of four affidavits from store managers complaining of improper exemption from overtime eligibility). The Court finds that Plaintiffs have met their burden of demonstrating that other employees seek to join the action.

### B.  The Employees are Substantially Similar

As explained in Morgan, the Plaintiff's burden of showing a "reasonable basis" for the claim that "similarly situated" employees seek to join the action is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." 551 F.3d at 1260-61 (internal citations omitted).

For purposes of defining the "similarly situated class" pursuant to § 216(b), Plaintiffs need only show that the defined class is comprised of representatives who are similarly situated to Plaintiffs with respect to their "job requirements and pay provisions." See Dybach, 942 F.2d at 1568. By way of the present Joint Motion and Stipulation, Defendants have set forth that "they do not concede that Plaintiffs and members of the putative class are, in fact,

5

similarly situated under the FLSA and Defendants reserve the right to file a motion for decertification of the conditionally certified class." (Doc. # 70 at 2). The Court notes Defendants reservation and agrees this is a question more appropriately addressed at the decertification stage, when more specific information will be available. <u>Vondriska v. Premier Mortg. Funding, Inc.</u>, 564 F. Supp. 2d 1330 (M.D. Fla. 2007)(also suggesting that waiting until the decertification stage to consider these issues is the general practice in the Eleventh Circuit). In light of the foregoing and considering the Joint Motion and Stipulation submitted to this Court by the parties, conditional class certification is appropriate at this juncture.

**IV. Certification Guidelines**

Within the Joint Motion, the parties have set forth a proposed class notice and means of dissemination. Upon due consideration, this Court adopts the parties' proposed procedures as set forth below:

> 1. Within 14 days of the entry of the Court's Order adopting this Stipulation, Defendants shall produce to Plaintiffs' counsel the names, job titles, last known physical addresses, personal e-mail addresses (if known by defendants), telephone numbers, dates of birth, dates of employment, and social security numbers (last four digits only) for all individuals who worked for Discrete Wireless, Inc. and FleetCor Technologies Operating Company, LLC, in Atlanta,

Georgia, or Tampa, Florida, in the positions of SaaS Account Executive, Account Manager, and/or Business Development Representative from October 28, 2011, to October 28, 2014.

2. The parties shall refrain from initiating contact with any individuals disclosed by Defendants pursuant to this Stipulation and the Order on this Stipulation for reasons related to this action; except for as provided for in this Order, upon leave of the Court, or after a Consent to Join has been filed for such individual.

3. Within 25 days of the Court's issuance of an Order on this Stipulation, Plaintiffs shall issue an initial Notice via certified mail to all individuals whose contact information was provided by Defendants pursuant to this Stipulation and the Order on this Stipulation. Such Notice shall be in the form of the Notice attached [to the Motion] as Exhibit A. The Notice may be accompanied by a single e-mail that mirrors the content of the Notice. In the event that the Notice to any individual is returned to Plaintiffs' counsel by the postal service, Plaintiffs shall be permitted to (I) make an additional attempt to notify such individual via certified mail, in which case Plaintiffs shall provide notice to Defendants along with proof of return of service, and (ii) make a single telephone call to the individual for the sole purpose of confirming the individual's address and/or receipt of notice (and will not otherwise engage in any other discussion or solicitation during such communication). The Notice need not be provided to any individual who has filed a Consent to Join within 25 days of entry of the Order on this Stipulation.

4. Within 55 days of entry of the Order on this Stipulation, Plaintiffs shall issue a "reminder" Notice that is identical in all respects to the initial Notice, with a blind copy to Defendants' counsel. The "reminder" Notice may be accompanied by a single email that mirrors the content of the initial Notice. The "reminder" Notice need not be

provided to any individual who has filed a Consent to Join within 55 days of entry of the Order on this Stipulation.

5. Within 7 days of entry of an Order on this Stipulation, Plaintiffs and all opt-in Plaintiffs shall remove any notice of this action provided on any personal website. Plaintiffs' counsel is authorized to maintain an internet website, or posting(s) on the firm's website, for the purpose of informing similarly situated persons of their right to join this litigation as Plaintiffs, but any such website or posting must mirror the approved Notice.

6. Plaintiffs' counsel shall endeavor to file with the Court any Consent to Join forms received from opt-in Plaintiffs within one week of receipt. Unless the Parties permit late filings, or good cause can be shown for why consent was not provided by the deadline, all Consent to Join forms must be postmarked or facsimile time-stamped no later than the 60th day after the date of mailing of the first Notice by Plaintiffs' counsel.

7. Within 14 days of the conclusion of this case and the exhaustion of any appeals, Plaintiffs shall destroy all record of the Social Security numbers provided by Defendants pursuant to this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion and Stipulation for Conditional Certification (Doc. # 70) is **GRANTED** as described herein.

(2) The parties are directed to comply with the Certification Guidelines as described herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of November, 2014.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record