UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY BROWN and DAVID
GILLARD, individually and on behalf of
all others similarly situated

    Plaintiff

vs.

DISCRETE WIRELESS, INC.;
FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC; and
FLEETCOR TECHNOLOGIES, INC., all
D/B/A NEXTRQ

    Defendant

CASE NO. 8:14-cv-01922-VMC-EAJ

_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF CLASS NOTICE PERIOD

Defendants Discrete Wireless, Inc., FleetCor Technologies Operating Company, LLC, and FleetCor Technologies, Inc. (collectively "Defendants") hereby submit the following opposition to Plaintiffs' Motion for Enlargement of Class Notice Period, filed on February 5, 2015. Defendants have fully complied with their obligations set forth in the Court's January 23, 2015 Order (in which this Court already declined to grant Plaintiffs' request for an extension). Plaintiffs have failed to demonstrate sufficient grounds for enlarging this Court's prior timetable for the class notice period, and their motion should be denied for the reasons below. At the very least, if Plaintiffs' motion is granted, Defendants request that the Court adjust and/or extend related case management deadlines in accordance with the enlargement of the class notice period.

PD.16582011.1

## BACKGROUND

This is a collective action brought under the Fair Labor Standards Act ("FLSA"). On November 19, 2014, after stipulation by the parties, this Court entered an order conditionally certifying this case as a collective action and setting forth specific procedures for court-authorized notice to be distributed to a putative class of 275 current and former employees of Defendants ("Order"). (Doc. 71) The Order requires Defendants to provide the following information regarding putative class members: (1) name; (2) last known physical address; (3) telephone numbers; (4) personal email addresses (if known); (4) dates of birth; and (5) social security numbers (last four digits only). (*Id* at p.6)

Specifically, the Order, provides for the following procedure by which potential putative plaintiffs may be notified of their rights in connection with the conditional collective action:

> 3. Within 25 days of the Court's issuance of an Order on this Stipulation, Plaintiff's shall issue an initial Notice via certified mail to all individuals whose contact information was provided by defendants pursuant to this Stipulation and the order on this Stipulation. Such Notice shall be in the form of the Notice attached [to the Motion]. The Notice may be accompanied by a single email that mirrors the content of the Notice. In the event that the Notice to any individual is returned to Plaintiffs' counsel by the postal service, Plaintiffs shall be permitted to (I) make an additional attempt to notify such individual via certified mail, in which case Plaintiffs shall provide notice to Defendants along with proof of return of service, and (ii) make a single telephone call to the individual for the sole purpose of confirming the individual's address and/or receipt of notice (and will not otherwise engage in any other discussion or solicitation during such communication). The Notice need not be provided to any individual who has filed a Consent to Join within 25 days of entry of the Order on this Stipulation.
>
> 4. Within 55 days of entry of the Order on this Stipulation, Plaintiffs shall issue a "reminder" Notice that is identical in all respects to the initial Notice, with a blind copy to Defendants' counsel. The "reminder" Notice may be accompanied by a single email that mirrors the content of the initial Notice.

> The "reminder" Notice need not be provided to any individual who has filed a Consent to Join within 55 days of entry of the Order on this Stipulation.
>
> . . . .
>
> 6. Plaintiffs' counsel shall endeavor to file with the Court any Consent to Join forms with the Court received from opt-in Plaintiffs within one week of receipt. Unless the Parties permit late filings, or good cause can be shown for why consent was not provided by the deadline, all Consent to Join forms must be postmarked or facsimile time-stamped no later than the 60th day after the date of mailing of the first Notice by Plaintiffs' counsel.

(Doc. 71) In compliance with the Order, on December 3, 2014, Defendants provided Plaintiffs with contact information for the putative class members. The contact information included the names, last known addresses, telephone numbers, known personal email addresses, dates of birth, and the last four digits of putative class members social security numbers.

After receiving the addresses, Plaintiffs' counsel sent out notices via certified mail, presumably within the time requirements of the Order. Defendants suspect the notices were sent by "Certified Mail – Return Receipt (Restricted Delivery)." Unlike ordinary "Certified Mail" (which only tracks delivery) and "Certified Mail – Return Receipt" (which entails delivery of the notice and a request that the recipient place the signed receipt in the mail on his or her own), "Certified Mail – Return Receipt Requested (Restricted Delivery)" requires that the recipient sign for the envelope as a condition of delivery. United States Postal Service, *A Customer's Guide to Mailing,* http://pe.usps.com/cpim/ftp/manuals/dmm100/dmm100.pdf (last visited February 6, 2015). This method of restricted delivery was not specified in the Order.

Following the mailing, Plaintiffs' counsel indicated that approximately thirty-nine of the notices were returned as "undeliverable" due to incorrect addresses and, as could reasonably be expected, another ninety-seven were "unclaimed" at the post office by the

putative class members. Plaintiff's counsel requested full social security numbers for the "undeliverable" and the "unclaimed" notices. Defendants' counsel were hesitant to provide full social security numbers for all of the sought-after putative class members for privacy reasons. However, Defendants agreed to provide full social security numbers for the putative class members whose notices were "undeliverable" due to incorrect addresses. Defendants objected to providing full social security numbers for putative class members whose notices were merely "unclaimed," since "unclaimed" notices do not represent incorrect addresses. ("Unclaimed" simply means the putative class members did not "claim" the notice from the post office.) While the Order requires Plaintiffs' counsel to send notices via certified mail, there is no requirement that each notice be "claimed" by a putative class member.

On January 23, 2015, this Court agreed with Defendants and limited disclosure of the full social security numbers to only those putative class members for whom the notices were returned as undeliverable due to incorrect addresses. On that same day, Defendants promptly delivered the list of full social security numbers to Plaintiffs' counsel. While not required by the Order, but out of a spirit of cooperation, Defendants' counsel also delivered updated addresses to plaintiffs' counsel for two current employees whose addresses had subsequently changed.

On February 4, 2015, Plaintiffs' counsel requested social security numbers for an **additional fifty-four** putative class members.[1] As before, Defendants were willing to provide the requested information for the persons whose notices were undeliverable due to incorrect addresses. Thus, as before, Defendants asked Plaintiffs' counsel to provide proof

---

[1] Notably, Plaintiffs' new list includes plaintiffs who have already opted into the suit and were never contemplated by the Order issued on January 23, 2015.

-4-

that the notices were returned "undeliverable" due to incorrect mailing addresses. However, Plaintiffs did not do so, opting instead to file the present motion for enlargement of the class notice period. Based on Plaintiffs' counsel's failure to provide the "undeliverable" notices, Defendants can only assume Plaintiffs' latest list of fifty-four persons is comprised of the putative class members who simply chose not to collect the notices sent via Certified Mail – Return Receipt (Restricted Delivery).

## **LAW AND ARGUMENT**

Plaintiffs failed to come forward with compelling grounds for an extension of the class notice period, which expires on or before February 13, 2015. While Plaintiffs' counsel cites unforeseen delays as "good cause" for the extension, the necessity of planning for contingencies was surely part of the Court's consideration in setting the current case management schedule. Moreover, plaintiff already sought an extension of the opt-in deadline, and this Court chose not to grant the extension. (Doc. 89) Plaintiffs' new grounds for an extension are equally unpersuasive.

As Plaintiffs concede in their motion, Defendants provided Plaintiffs with the requested full social security numbers on January 23, 2015. Defendants responded quickly to the Court's Order based on Plaintiffs' claim to an immediate need for social security numbers. Defendants provided the requested social security numbers a full six days before Plaintiffs' counsel says he was displaced from his office (on January 29, 2015). Therefore, Plaintiffs should have already completed their social security number searches prior to re-locating their office. Furthermore, it is reasonable to assume that Plaintiffs' counsel could have – and should have - continued his electronic search for accurate addresses even after his displacement, since computer searches can be performed from virtually any location. Indeed,

while Plaintiffs' counsel claims he "is unable to process and send out the notices . . . unless and until its physical office is open for business and staff can present for work, . . ." Plaintiffs' counsel was able to draft and file this Motion for Enlargement of Class Notice Period on February 5, 2015. Likewise, Plaintiffs' counsel has continued to file numerous Declaration of Consent to Join forms, specifically filing 3 such notices on February 2, 2015; 1 on February 3, 2015; 5 on February 5, 2015; 16 on February 9, 2015; 3 on February 10, 2015; and 1 on February 11, 2015. Some of these notices also reflect signature dates that refute Plaintiffs' claim that Plaintiffs' counsel has been "unable to receive mail" since January 29, 2015. Thus, contrary to his claim, Plaintiffs' counsel has shown he is fully able to process notices.

Defendants are perplexed that Plaintiffs claim "the number of undeliverable mail to class members has grown [sic] the Court's Order of January 23, 2015." (Doc. 101, p. 3) This Court's deadline for plaintiff to have mailed notices was December 14, 2014. (Doc. 71) It makes no sense that Plaintiffs are continuing to receive a number of returned mail items, unless perhaps Plaintiffs have issued reminder notices and are receiving returned reminder notices. If so, Plaintiffs have failed to provide Defendants with notice of their reminder notices or a "blind copy" of such notices, as required by this Court's Order. (*See* Doc. 71, p. 7) ("Plaintiffs shall issue a 'reminder' Notice that is identical in all respects to the initial Notice, with a blind copy to Defendants' counsel.")) Therefore, it seems that Plaintiffs have either failed to send reminder notices or Plaintiffs have done so and failed to notify

Defendants, both of which violate this Court's Order. In either event, Defendants are at a loss as to Plaintiffs' reason for their belated request for additional social security numbers.[2]

Finally, the unreasonableness of Plaintiffs' request for enlargement is further demonstrated by the fact that the motion seeks an extension of the opt-in period for **all** putative class members, without even limiting the request to the putative class members whose mail was returned as undeliverable based on incorrect addresses.

In short, Plaintiffs have not demonstrated a reasonable basis for: (1) not having performed the social security number searches promptly after January 23, 2015, the date on which this Court first denied Plaintiffs an extension of time (and Defendants provided Plaintiffs with the list of full social security numbers); (2) not continuing to perform electronic searches after Counsel for Plaintiffs was displaced from his office; (3) either not sending their reminder notices, or not providing Defendants with notice of such reminder notices; and (4) mailing the initial Notices in a manner that is outside of the Court's Order and which undoubtedly made it more burdensome for putative class members to respond and resulted in delays and lower opt-in rates. *See Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417 (11th Cir. 1998) (holding plaintiff failed to demonstrate good cause for belatedly amending her complaint after time prescribed by scheduling order where failure to comply resulted from a lack of diligence); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (denying plaintiff's motion to amend complaint after the time allowed in the scheduling order where delay was due to plaintiff's own carelessness).

---

[2] Further, as explained in response to Plaintiffs' previous motion requesting disclosure of full social security numbers, Defendants' counsel provided Plaintiffs' counsel with the birth dates, phone numbers, and last four digits of social security numbers (in additions to names and addresses) for all putative class members long ago. Plaintiffs' counsel, therefore, has had the ability to perform address traces for over two months.

Lastly, enlargement of the class notice period would undermine the parties' previous stipulation (Doc. 68) and the Court's order (Doc. 71) setting forth the confines of the notice and opt-in process. Moreover, the requested enlargement would unnecessarily prejudice Defendants and the plaintiffs who have opted into this action, particularly given the current agreed-upon case management deadlines in the case.[3] *Cf. Jackson v. Papa John's USA, Inc.*, 2009 WL 1011105, 8 (N.D. Ohio Apr. 15, 2009) (noting that parties and Court "have an interest in efficient resolution of this controversy" and "further extension of notice period may cause delays that undercut the efficiencies that can be achieved through additional notice").

On the other hand, there would be little or no prejudice to those absent class members who neglected to provide the United States Postal Service with accurate forwarding address information. Such persons failed to protect their interests and, to the extent they believe they have claims, they still could pursue such claims individually, which they have had a right to do all along. *Id.* at *4 (reasoning that "absent class members are not party to this suit and can choose to pursue their claims individually even if they do receive notice" [and] "[t]hese absent class members, however, have failed to provide accurate mail forwarding information and have therefore not protected [there interest in joining the action]").

---

[3] Plaintiffs contend in their motion that Defendants will not be prejudiced by their requested extension because "the parties have not taken any depositions and have note [sic] even exchanged discovery answers or responses." (Doc. 101, p. 4) However, Plaintiffs have served each of the three Defendants with separate interrogatories and requests for production. Despite the extensive discovery requests and number of opt-in plaintiffs, Plaintiffs were unwilling to consent to Defendants' most recent request for an extension to serve their responses to the written discovery.

For all of these reasons, Defendants respectfully request that this Court deny Plaintiffs' motion.[4]

Respectfully submitted,

**PHELPS DUNBAR LLP**

/s/ Susan W. Furr
Dennis M. McClelland
  Florida Bar No. 0091758
  dennis.mcclelland@phelps.com
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

-and-

Susan W. Furr (admitted *pro hac vice*)
  Louisiana Bar No. 19582
  Susie.Furr@phelps.com
Jessica C. Huffman (admitted *pro hac vice*)
  Louisiana Bar No. 30445
  Jessica.Huffman@phelps.com
PHELPS DUNBAR LLP
II City Plaza
400 Convention Street
Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

ATTORNEY FOR DEFENDANTS

---

[4] If this Court is inclined to grant Plaintiffs' motion, Defendants ask that the Court's Order also include an extension of the related case management deadlines, consistent with the enlargement of the class notice period.

PD.16582011.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record as identified below via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Susan W. Furr
ATTORNEY FOR DEFENDANTS

## SERVICE LIST

Mitchell L. Feldman, Esq.
MFeldman@ffmlawgroup.com
Feldman Morgado P.A.
501 N. Reo Street
Tampa, Florida 33609
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
Attorney for Plaintiffs