```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

KELLY BROWN and DAVID GILLARD,
individually and on behalf of
all others similarly situated,

       Plaintiffs,
v.                              Case No. 8:14-cv-1922-T-33EAJ

DISCRETE WIRELESS, INC., ET AL.,

       Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Plaintiffs' Motion for Enlargement of Class Notice Period (Doc. # 101), which was filed on February 5, 2015. Defendants filed a Response in Opposition to the Motion (Doc. # 125) on February 11, 2015. Although the Motion is titled as a Motion for Enlargement of the Class Notice Period, it also seeks the disclosure of putative class members' full social security numbers. As explained below, the Court grants the Motion to the extent Plaintiffs seek a 21-day extension of the opt-in period. However, the Court declines to require Defendants to furnish additional social security numbers to counsel for Plaintiffs.

## Discussion

Plaintiffs initiated this Fair Labor Standards Act case against Defendants on August 11, 2014, seeking the payment of

overtime wages. (Doc. # 1). Among other allegations, Plaintiffs contend that Defendants improperly and willfully classified certain sales representative as exempt employees without a good faith basis. (Id. at 5). On October 28, 2014, the parties participated in mediation whereupon a "partial resolution" occurred. (Doc. # 59). Thereafter on November 18, 2014, the parties filed their Joint Motion to Certify Class and Stipulation for Conditional Class Certification. (Doc. # 70).

    A.    **Operative Deadlines**

Pursuant to the Joint Motion and Stipulation, the Court entered an Order on November 19, 2014, conditionally certifying the case as a collective action under 29 U.S.C. § 216(b). (Doc. # 71). The parties agree that there are 275 potential class members. The Court's certification Order adopted the parties' procedures for dissemination of Notice to the Class. Specifically, the Court's certification Order directed Plaintiffs to issue, within 25 days of the certification Order, an initial Notice via certified mail to all individuals whose contact information was provided by Defendants. (Id. at 7). Thus, the deadline for dissemination of the initial Notice was December 15, 2014.

2

The certification Order also specified that: "In the event that the Notice to any individual is returned to Plaintiffs' counsel by the postal service, Plaintiffs shall be permitted to (i) make an additional attempt to notify such individual via certified mail, in which case Plaintiffs shall provide notice to Defendants along with proof of return of service, and (ii) make a single telephone call to the individual for the sole purpose of confirming the individual's address." (Id.). The Court also directed Plaintiffs to issue a "reminder notice" within 55 days of the Court's certification Order. (Id.). Thus, the reminder notice deadline was January 13, 2015. The Court specified that all Consent to Join forms "must be postmarked or facsimile time-stamped no later than the 60th day after the date of mailing of the first Notice by Plaintiffs' counsel." (Id. at 8). Plaintiffs submit that the opt-in deadline passed on February 9, 2015. (Doc. # 101 at 2).

  **B.**  **<u>Disclosure of Social Security Numbers</u>**

On January 13, 2015, Plaintiffs filed a Motion to Amend Order Conditionally Certifying Class and for Order Approving Confidentiality of Class Members social security numbers. (Doc. # 82). Therein, Plaintiffs represented that "a large percentage of putative class members addresses have been

3

returned unclaimed or returned for bad addresses" and requested disclosure of the full social security numbers of putative class members. (Id. at 1). On January 23, 2015, with Defendants' consent, the Court granted Plaintiffs' request for the full social security numbers of putative class members whom Plaintiffs' counsel has been unable to reach by both mail and telephone. (Doc. # 89). The Court placed numerous safeguards on the confidential social security numbers to protect the putative class members. (Id.). The Court underscored that "Defendants' production of full social security numbers for all putative class members is limited to notices which have been returned as 'undeliverable' due to incorrect or outdated addresses only." (Id. at 4).

### C. Opt-in Deadline and Social Security Numbers

At this juncture, Plaintiffs request a 21-day extension of the opt-in deadline. Plaintiffs also seek additional social security numbers from Defendants. Plaintiffs indicate that "the class notice period expire[d] on February 9, 2015," and that "upwards of another 54 [Notices to the Class] have . . . been returned as undeliverable (approx. 20% of the class)." (Doc. # 101 at 2). It is not clear from the record how many Notices to the Class are "unclaimed" as opposed to "undeliverable." Regardless of the distinction between

4

"unclaimed" and "undeliverable" Notices to the Class, Plaintiffs remark that they need the social security numbers for the putative class members whose addresses are still unknown so that Plaintiffs may search for correct addresses for these individuals.

Defendants object to any extension of the class notice period. In addition, Defendants submit that they have fully complied with the terms of the Court's prior Order regarding social security numbers, because Defendants provided full social security numbers to Plaintiffs with respect to incorrect mailing addresses for which mail was returned as "undeliverable." Defendants indicate that they have not provided full social security numbers for individuals who failed to claim their Notices because a person's failure to claim an item of mail is not an indication that the item of mail was sent to the wrong address.

The Court has carefully examined the parties' respective positions and determines that Defendants should not be required to furnish additional social security numbers to counsel for Plaintiffs. The Court's previous Order explained the limited circumstances in which full disclosure of an employee's social security number is warranted. Plaintiffs have not demonstrated any failure by Defendants with respect

5

to compliance with the Court's prior Order, and the Court determines that Defendants should not be required to disclose further confidential information as requested in Plaintiffs' present Motion.  However, in the interest of fairness, and based upon Plaintiffs' counsel's representation that his law firm's operations have been temporarily disrupted due to relocation, the Court will extend the February 9, 2015, opt-in deadline by 21 days.  Accordingly, the opt-in deadline is extended from February 9, 2015, to and including March 2, 2015.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Enlargement of Class Notice Period (Doc. # 101) is **GRANTED** in part.

(2) The deadline for putative class members to opt-in to the litigation is extended to and including **March 2, 2015.**

(3) Defendants are not required to provide additional social security numbers to counsel for Plaintiffs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of February, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6

Copies to:   All Counsel of Record